UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUTH SMITH; HERBERT AULT; LOUISE AULT; and KATHRYN RICHARDSON,<br><br>                        Plaintiffs,<br><br>       v.<br><br>GARY BROWN and RENE BROWN, et al.,<br><br>                        Defendants,<br><br>and<br><br>JEROME FRIGILLANA and THERESA FRIGILLANA, et al.,<br><br>                        Second-Party Defendants. | CASE NO. C10-1021 MJP<br><br>ORDER ON DEFENDANTS' MOTION TO AMEND |

This matter comes before the Court on Defendants' motion to amend their Answer and Affirmative Defenses. (Dkt. No. 67.) Having reviewed the motion, the responses (Dkt. No. 70,

71), the reply (Dkt. No. 72), and all supporting papers, the Court GRANTS in part and DENIES in part the motion.

## Background

Plaintiffs are a group of disabled, elderly adults living an adult family home run by Second-Party Defendants, Jerome and Theresa Frigillana (the "Frigillanas"). Plaintiffs moved for and obtained a preliminary injunction against Defendants, who sought to enforce a settlement agreement that required the Frigillanas to sell their house and close down the adult family home. (Dkt. No. 60.) Plaintiffs pursue claims under the Fair Housing Act ("FHAA"), 42 U.S.C. § 3601 and the Washington Law Against Discrimination ("WLAD"). (Dkt. No. 27.)

Defendants assert four new affirmative defenses, one of which fields no objection from Plaintiffs and Second-Party Defendants. (Dkt. Nos. 67, 70, 71.) The newly added affirmative defenses are:

> 7.10.   The Plaintiffs' own conduct, or by the conduct of its agents, representatives, and consultants, which may include the Second-Party Defendants. [sic]
>
> 7.11.   All of the consequences of which the Plaintiffs now complain were proximately and solely caused by the acts or omissions of the Second-Party Defendants.
>
> 7.12   To the extent that any damages, fees or costs are awarded to Plaintiffs against Defendants Brown, then (and without waiving Defendants Brown's right to resolve all issues and disputes with Second-Party Defendants exclusively before Judicial Dispute Resolution of Seattle), Defendants Brown are entitled to full and complete indemnity (inclusive of Defendants Brown's fees and costs) from Second-Party Defendants.
>
> 7.13.   Hindrance of contract.

(Dkt. No. 67 at 14.)

|   |   |   |
|---|---|---|
| 1 | | **Analysis** |
| 2 | A. | <u>Standard</u> |

3      Under Rule 15(a), leave to amend should be given freely when justice so requires.
Amendment should be granted absent evidence of bad faith, undue delay or prejudice to the
opposing party. <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999). However, if a proposed
amendment is futile or legally insufficient, the Court should not grant leave. <u>Gordon v. City of
Oakland</u>, --- F.3d ---, 2010 WL 4673695, at *2 (9th Cir. Nov. 19, 2010). A proposed amendment
is futile "if no set of facts can be provided under the amendment to the pleading that would
constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209,
214 (9th Cir. 1988).

B.     <u>Affirmative Defense 7.12</u>

     Plaintiffs and Second-Party Defendants have not challenged Affirmative Defense 7.12.
The Court GRANTS leave to add this defense. Nothing in Defendants' motion shows evidence
of undue delay, bad faith, or prejudice to the opposing party. This fact is true as to all of the
asserted affirmative defenses.

C.     <u>Affirmative Defense 7.10</u>

     As an initial matter, the parties agree that this affirmative defense lacks a verb as it is
drafted. In their reply, Defendants amended the asserted pleading, stating it should read: "[t]he
Plaintiffs are bound by their own conduct or by the conduct of its [sic] agents, representatives,
and consultants which may include the Second-Party Defendants." (Dkt. No. 72 at 2.) Because
Plaintiffs adequately intuited and argued against this proposed affirmative defense the Court
considers it. (Dkt. No. 70 at 3.)

1  The Court finds sufficient allegations in the pleadings to support a defense that Plaintiffs
2  have an agency relationship with the Second-Party Defendants that may bind them to the
3  underlying settlement agreement.  Defendants point to a letter drafted by the Frigillanas' attorney
4  in the underlying litigation in which the Frigillanas invoked Plaintiffs' rights under the Fair
5  Housing Act and asked for an accommodation for both Plaintiffs and the Frigillanas.  (Dkt. No.
6  72 at 2-3.)  This letter is expressly referenced in the amended complaint and is properly
7  considered as part of the pleadings.  (Dkt. No. 27 at 5); see United States v. Ritchie, 342 F.3d
8  903, 908 (9th Cir. 2003) (stating that the Court may consider documents incorporated by
9  reference in a complaint).  This letter provides a plausible basis on which Defendants may argue
10 that an agency relationship exists and that Plaintiffs may be bound by the settlement agreement
11 entered into between Defendants and the Second-Party Defendants.  The Court GRANTS leave
12 to add this affirmative defense as it is set out in the reply brief (with corrections to the
13 grammatical errors noted above).

14 D.     Affirmative Defense 7.11

15     Plaintiffs correctly argue that Affirmative Defense 7.11 is not a proper affirmative
16 defense.

17     Affirmative Defense 7.11 states that "[a]ll of the consequences of which the Plaintiffs
18 now complain were proximately and solely caused by the acts and omissions of the Second-Party
19 Defendants." (Dkt. No. 67 at 14.)

20     An affirmative defense is proper if it precludes liability, even if Plaintiffs can otherwise
21 satisfy all the elements of their claim or claims.  Barnes v. AT&T Pension Ben. Plan, 718 F.
22 Supp. 2d 1167, 1173-74 (N.D Cal. 2010).  However, "[a] defense which demonstrates that
23 plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an
24

1 affirmative defense." <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002).
2 Here, Defendants' proposed defense appears to be an attack to causation only, which is an
3 element of Plaintiffs' claims. This is not an affirmative defense. <u>Id.</u> To the extent that
4 Defendants seek to estop Plaintiffs claim on the theory they are bound by the settlement between
5 the Frigillanas and Defendants, the defense is better addressed under estoppel and waiver
6 (Affirmative Defense 7.2) or agency (Affirmative Defense 7.10). The Court DENIES leave to
7 add this defective defense.

8 E.    <u>Affirmative Defense 7.13</u>

9 Plaintiffs argue that Affirmative Defense 7.13, "hindrance of contract," is not an
10 affirmative defense. In response, Defendants only argue that there is a cause of action against
11 one who hinders or delays the performance of a contract. (Dkt. No. 72 at 5.) The parties do not
12 dispute that there can be a cause of action for breach of the duty not to hinder performance on a
13 contract. (Compare Dkt. No. 70 at 5 with Dkt. No. 72 at 5.) However, Defendants have
14 essentially admitted that this is a cause of action, not an affirmative defense. Nowhere have
15 Defendants explained why this is an affirmative defense and simply a counter-claim or cross-
16 claim, neither of which Defendants have pleaded. The Court does not find it to be properly
17 asserted as an affirmative defense. The Court DENIES the motion as to this proposed
18 affirmative defense.

**Conclusion**

20 Defendants have proposed two affirmative defenses which are properly asserted. The
21 Court GRANTS leave to amend the Answer and assert Affirmative Defenses 7.10 (as drafted in
22 the reply brief with grammatical errors fixed) and 7.12. However, Affirmative Defenses 7.11

1  and 7.13 are not properly asserted.  The Court DENIES the motion as to these defenses.

2  Defendants are ordered to file their amended answer within 5 days of this order.

3          The clerk is ordered to provide copies of this order to all counsel.

4          Dated this 10th day of December, 2010.

                                          _____
                                          Marsha J. Pechman
                                          United States District Judge